

AUG 2 0 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

Jonathan Bowler
10824 Olson Drive, Ste C-248
Rancho Cordova, California 95670
In Pro Per

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

In Re:

| | |
|---|---|
| JONATHAN G. BOWLER and, <br> DAGMAR P. BOWLER, <br> Plaintiff, <br><br> vs. <br><br> **GREENTREE SERVICING, L.L.C.,** <br> KEITH ANDERSON, President <br> CHERYLL COLLINS, CFO <br><br> **NATIONAL CITY MORTGAGE / PNC BANK** <br> JOE CARTELLONE, CEO and President <br> ROBERT B. CROWL, Sr. VP / Controller <br><br> AND DOES 1-25, inclusive, <br><br> Defendants. | No.: 2:10 CU 2244 GEB JFM <br><br> **COMPLAINT UNDER SECURITIES** <br> **EXCHANGE ACT OF 1934- CHURNING OF** <br> **ACCOUNT EXCHANGE ACT OF 1934-** <br> **CHURNING OF ACCOUNT** |

Plaintiff alleges:

### PARTIES

1. At all relevant times, plaintiff(s) was and still is a resident of California.

2. Plaintiff is informed and believes, and on that basis alleges that, at all relevant times, defendant(s) GREENTREE SERVICING, L.L.C. and NATIONAL CITY MORTGAGE/PNC, are corporation(s) organized and operating under the laws of the State of California, was duly licensed to engage in the business of securities broker, securities broker, securities dealer, and investment adviser, and was a member firm of the National Stock Exchange Inc., and the National Stock Exchange Inc., subject to their

COMPLAINT UNDER SECURITIES EXCHANGE ACT OF 1934CHURNING ACCOUNT

respective Constitutions and Rules, as well as a member of the Securities Exchange Commission subject to its Rules.

3. Plaintiff is informed and believes, and on that basis alleges that, at all relevant time's defendant(s) GREENTREE SERVICING, L.L.C. and NATIONAL CITY MORTGAGE/PNC were registered representatives, engaged in business as a securities salesperson, and an officer(s) and employee(s) of GREENTREE SERVICING, L.L.C. and NATIONAL CITY MORTGAGE/PNC.

4. At all relevant times defendant(s) GREENTREE SERVICING, L.L.C. and NATIONAL CITY MORTGAGE/PNC, duly authorized to conduct business in the State of California duly licensed to engage in the business of securities broker and securities dealer, and was a member firm of the National Stock Exchange, Inc., the National Stock Exchange, Inc., subject to their respective Constitutions and Rules, as well as a member of the Securities Exchange Commission, subject to its Rules.

5. All of the defendants maintained their offices for the transactions of their business at: 345 ST. PETER STREET, ST. PAUL, MN. 55102 and P.O. BOX 54828, LOS ANGELES, CA. 90054 within the territorial confines of the United States District of California.

6. At all relevant times, defendant's officers and directors acted as clearing agent for defendant(s) GREENTREE SERVICING, L.L.C. and NATIONAL CITY MORTGAGE/PNC and cleared all of GREENTREE SERVICING, L.L.C. and NATIONAL CITY MORTGAGE/PNC transactions for both JONATHAN G. BOWLER and DAGMAR P. BOWLER, customer(s).

## JURISDICTION

7. This action arises under the *Securities Act of 1933* and the *Securities Exchange Act of 1934*, as amended, and *Rules 10b-5* of the General Rules and Regulations promulgated by the *Securities and Exchange Commission, Rule 12(2)* of the Rules of the *National Stock Exchange, Inc., Rule 20(a)* of the Rules of the National Stock Exchange, so that this court has jurisdiction over the matter under *15 U.S.C. §§ 77v, 78aa* and *28 U.S.C. § 1331* as well as the principles of supplemental jurisdiction.

COMPLAINT UNDER SECURITIES EXCHANGE ACT OF 1934CHURNING ACCOUNT

# FACTUAL BACKGROUND

8.  At all relevant times, defendants, as a result of the control exercised over plaintiff's brokerage account, had a fiduciary duty and standard of care to plaintiff in all of their transactions with and for the plaintiff.

9.  At all relevant times, defendants had the duty not to use or employ in connection with the purchase and sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of the Rules and Regulations promulgated by the Securities & Exchange Commission as necessary or appropriate in the public interest or for the protection of investors.

10. At all relevant times, defendants had the duty under the statutes, rules, and regulations cited above to use due diligence, to have learned the essential facts relative to plaintiff and to operate plaintiff's brokerage account in a fashion that would not cause an excessive trading or selling or purchasing securities without regard to plaintiff's situation and instructions.

11. At all relevant times, defendants had the common-law fiduciary duty, as well as the duty under the statutes, rules, and regulations cited above, to recommend to plaintiff and to sell or purchase for plaintiff only those securities that they had reasonable grounds for believing were suitable for plaintiff on the basis of the facts disclosed by plaintiff to defendant regarding JONATHAN G. BOWLER and DAGMAR P. BOWLER and their financial situation and needs. Defendant(s) also had the common-law fiduciary duty to have had reasonable grounds to believe that any sale or purchase of securities made by defendants for plaintiff's account was suitable for plaintiff on the basis of information furnished by plaintiff to defendants after reasonable inquiry concerning plaintiff's investment objectives, financial situation, needs and any other information known to defendants.

12. On or about February 2007 Plaintiff obtained a certain line of credit a "Mortgage" from the defendant(s). This allegation supports an element of this cause of action, in that the transaction and account number was made in connection with a public offering.

13. On or about February 2007 Plaintiff obtained a certain line of credit from defendant. However, defendants' untruth or omissions of which the plaintiff did not know at the time of the offer or sale.

COMPLAINT UNDER SECURITIES EXCHANGE ACT OF 1934CHURNING ACCOUNT

14. On or about February 2007 Plaintiff, after the creation of the account by the use of any means of interstate commerce of the mails, remains without a security agreement between the issuer and Plaintiff.

15. On or about February 2007 defendants purchased for plaintiff's account:

| NAME OF STOCK | NUMBER OF SHARES | PRICE |
|---|---|---|
| (i) **Fidelity International Small Cap** | **Unknown** | _____**per share** |
| *Cusip #: XXXXX0737/ Fund #: 818/Symbol=FISMX* | | |
| (ii) **Fidelity Investment Grade Bond** | **Unknown** | _____**per share** |
| *Cusip #: XXXXX6109/Fund #:26/Symbol=FBNDX* | | |
| (iii) **(2) Fidelity ContraFund** | **Unknown** | _____**per share** |
| *Cusip #: XXXXX1109/Fund #: 22/ Symbol=FCNTX* | | |

16. During the period described above, the defendants wrongfully exercised control and dominion over plaintiff's brokerage account in violation of express conditions given to defendants at the time that the account was opened. In particular, the defendants executed multiple separate transactions during this period.

17. By use of means and instrumentalities of interstate commerce and of the mails, and the facilities of National securities Exchanges, defendants employed a device, scheme, and artifice to defraud plaintiff, and defendants engaged in a practice and course of conduct that operated fraud on plaintiff in connection with the purchase and sale of securities. Among other things, defendants wrongfully manipulated plaintiff's account with excessive sell and buy orders in a manner disproportionate to its size, character, and the objectives and instructions of plaintiff, bought and sold securities within short periods of time, switched securities from one to another without any investment justification other than to generate brokerage commissions for defendants' profit, executed transactions in violation of plaintiff's specific instructions, continuously maintained plaintiff's account at maximum or near maximum allowable margin, thus endangering plaintiff's investments in any declining market, and used plaintiff's account in margin transactions to obtain maximum commissions on executed orders.

18. The actions of Defendants were not suitable to plaintiffs purchasing objectives, financial situation, and needs and were in violation of plaintiff's express instructions, the anti-fraud provisions of the statutes, rules, and regulations cited above.

COMPLAINT UNDER SECURITIES EXCHANGE ACT OF 1934CHURNING ACCOUNT

19. In connection with the transactions described above, defendants failed in their fiduciary duty to plaintiff.

20. On or About February 2007, GREENTREE SERVICING, L.L.C. and NATIONAL CITY MORTGAGE/PNC sold to Plaintiff an undisclosed number of shares of stock in Fidelity Investments for an unknown price, plus commission and other fees.

21. Prior to Plaintiff discovering that Defendant had committed a conversion of a security instrument, Plaintiff received from a secure source a detailed report thereof an account being publicly traded and illegally withheld from Plaintiff.

22. Any written prospectus covering the shares offered and sold to Plaintiff failed to disclose that:

   a. GREENTREE SERVICING, L.L.C. and NATIONAL CITY MORTGAGE/PNC, were very profitable and business was continuing to expand while it concealed the existence of an account, in the Plaintiff's possession with an unknown value as of the date of this complaint.

   b. GREENTREE SERVICING, L.L.C. and NATIONAL CITY MORTGAGE/PNC encumbered the said fund and had accounts receivable of in excess of accounts payable and other debts totaling $387,000.00 while failing to prove ownership.

23. Plaintiff still owns the subject shares of the Fidelity Investment Fund.

24. Defendant directly, by the use of a means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, intentionally devised, and schemed to artifice to defraud.

25. Defendant engaged in the act and practice during the ordinary course of business which operated fraud and deceit upon Plaintiff in connection with the purchase or sale of any security which violates *17 C.F.R. §240.10b-5 (1997)* also *See U.S. v. O'Hagan, 117 S. Ct. 2199, 2207, 138 L. Ed. 2d 724 (U.S. 1997)* the private right of action under section *10(b) and Rule 10b-5.*

## COUNT I

### SECURITIES FRAUD UNDER 15 U.S.C. § 77q (The Gramm-Leach-Bliley Act)

26. Plaintiff repeats each and every allegation contained in Paragraphs 1. Through 19, as though fully set forth here.

27. Defendant offered to sell the security with no agreement between the issuer, and obtained money or property by means of any untrue statement of a material fact or omission to state a material fact necessary in order to make the statement made.

COMPLAINT UNDER SECURITIES EXCHANGE ACT OF 1934CHURNING ACCOUNT

28. As a result of the transactions described above and defendants' wrongful acts and
omissions, plaintiff's account has been charged with brokerage commissions in the sum
of an unknown amount, and in the event that there are further sales by defendant as a
result of failure of plaintiff to meet alleged margin calls, plaintiff's account will be charged
with further brokerage commissions, *Pub.L.106-554, 48 Stat.*

## COUNT II

### SECURITIES FRAUD UNDER 15 U.S.C. § 77q (The Gramm-Leach-Bliley Act)

29. Plaintiff repeats each and every allegation contained in Paragraphs 1 through 19, as
though fully set forth here.

30. The transaction in dispute included an untrue statement of material fact or omitting a
material fact; *15 U.S.C. § 77q (a) (3)* engaged in a transaction, practice, or course of
business which operates or would operate as a fraud or deceit upon the purchaser.

31. *Securities Regulation 60.28(4)* cites, an insider in possession of material non-public
information is prohibited by Federal Securities Exchange laws from trading on the
information unless he makes public disclosure.

32. As a result of the transactions described above and defendants' wrongful acts and
omissions, plaintiff has sustained dividend losses for the period February 9, 2007 to
August 19, 2010 in the sum of $116,000.00

## COUNT III

### SECURITIES FRAUD UNDER SECURITIES EXCHANGE ACT OF 1934 § 10(b)

33. Plaintiff repeats each and every allegation contained in Paragraphs 1 through 19, as
though fully set forth here.

34. Defendant manipulated and deceptively devised and or contrivance in contravention of
such rules and regulations as the Commission set forth appropriately in the best interest
of the public and for the protection of investor, also see, section *206B of the Gramm-
Leach-Bliley Act.*

35. As a result of the actions of defendants, plaintiff has been deprived of the specific
securities that plaintiff wishes to retain, as set forth above.

36. As a result, plaintiff has been injured and damaged in the sum of $1,161,000.00

COMPLAINT UNDER SECURITIES EXCHANGE ACT OF 1934CHURNING ACCOUNT

## COUNT IV

### SECURITIES FRAUD UNDER SECURITIES EXCHANGE ACT OF 1934 § 12(a)

37. Plaintiff repeats each and every allegation contained in Paragraphs 1. through 19. as though fully set forth here.

38. This cause arises from a connection with a public offering *See In re Syntex Corp. Securities Litigation, 855 F. Supp. 1086, 1098 (N.D. Cal 1994), aff'd 95 F. 3d 922 (9th Cir. 1996).*

39. Plaintiff did not consent or provide and application as set forth in *Sec. 12 (b)* of the Securities Exchange Act of 1934.

40. As a result of the actions of the defendants in purchasing the securities described above, plaintiff has had added to JONATHAN G. BOWLER and DAGMAR P. BOWLER their account securities that he did not wish to own, which have declined substantially in price since the purchase by defendants, which have resulted in margin calls from defendants to post additional margin, threats of sale by defendants for failure to post such margin, and sale of some of the securities by defendants.

41. As a result of these actions, plaintiff has been injured and damaged in the sum of $1,161,000.00

### COUNT V

### CIVIL CONSPIRACY UNDER 18 U.S.C. § 371

42. Plaintiff incorporates by reference the factual allegations contained in Paragraphs 20 through 25.

43. The factual misrepresentation and omission set forth in paragraphs 20-25 were material, in that there is a "substantial likelihood" that the Plaintiff would have considered the misrepresentation and omitted facts important in deciding whether to enter into the aforementioned agreement.

44. At the time GREENTREE SERVICING, L.L.C. and NATIONAL CITY MORTGAGE/PNC, induced Plaintiff to purchase the subject shares of the said Fidelity Investments account, Plaintiff did not know that the material representations set forth in Paragraphs 20-25 were true or that the written prospectus or representation made to Plaintiff by Defendant regarding the fund existed by Defendant failing to disclose the material information set forth in Paragraphs 20-25.

COMPLAINT UNDER SECURITIES EXCHANGE ACT OF 1934CHURNING ACCOUNT

45. Defendant and its officers, directors, agents and assigns conspired either to commit the offense against the Plaintiff and the United States by doing a lawful act by unlawful means, by doing the above mentioned overt act in pursuance of the conspiracy, and damages the Plaintiff as a result of the acts done in furtherance of the conspiracy to defraud, also see *Pub.L.103-322, 108 Stat., United States v. Walter, 1923, 44 S. Ct. 10, 263 U.S. 15, 68 L. Ed. 137.*

### PRAYER

Plaintiff requests judgment against defendants, jointly and severally:

A.  For damages in the sum of $2,825,000.00 plus such further sums as damages as may in the further, pending the trial of this action, occur;

B.  For prejudgment interests as provided by law;

C.  For punitive or exemplary damages in an amount no less than $25,000.00. Against defendant GREENTREE SERVICING, L.L.C. and NATIONAL CITY MORTGAGE/PNC, and in an amount no less than $15,000.00 against the above mentioned parties;

D.  For reasonable attorney's fees;

E.  For cost of suit; and

F.  For any and all other further relief may be proper.

Date: *August 20, 2010*          Respectfully Submitted,

Jonathan Bowler
10824 Olson Drive, Ste C-248
Rancho Cordova, California 95670

### DEMAND FOR JURY TRIAL

Plaintiff moves this court pursuant to Fed.R.Civ.P. Rule 38 *"Jury Trial of Right"* and thereby demand a Jury Trial. The undersigned certifies that a copy hereof has been furnished to the parties listed in the Certificate of Service.

By: _____
Jonathan G. Bowler

COMPLAINT UNDER SECURITIES EXCHANGE ACT OF 1934CHURNING ACCOUNT

1

2

## CERTIFICATE OF SERVICE TO THE COURT

3

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the

4

Clerk of the Court in person on this 20th day of August, 2010.

5

UNITED STATES COURT

6

EASTERN DISTRICT
501 "I" STREET,

7

SACRAMENTO, CA. 95814

8

## CERTIFICATE OF SERVICE TO DEFENDANTS

9

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by

10

NOTARY PRESENTMENT to the below mentioned on this 20th day of August, 2010.

11

12

GREENTREE SERVICING L.L.C

13

345 ST. PETER STREET
ST. PAUL, MN. 55102

14

15

NATIONAL CITY MORTGAGE/PNC
3232 NEWMARK DRIVE, BLDNG 7

16

MIAMISBURG, OH 45342-5421

17

NATIONAL CITY MORTGAGE/PNC
P.O. BOX 54828

18

LOS ANGELES, CA. 90054

19

FMR, L.L.C. FIDELITY INVESTMENTS

20

82 DEVONSHIRE STREET
BOSTON, MA. 02109-3605

21

SEC DIVISION OF ENFORCEMENT

22

100 F STREET, N.E.
WASHINGTON, D.C. 20549

23

24

25

By: _Jonathan L. Bowler_

26

Jonathan Bowler

27

28

COMPLAINT UNDER SECURITIES EXCHANGE ACT OF 1934CHURNING ACCOUNT

1

## VERIFICATION

2

3   State of California        )
                               )  SS
4   County of Sacramento       )

5        I, Jonathan Bowler, personally appeared, and stated that I am the Plaintiff on whose

6   behalf the foregoing Complaint is filed, that I am  legally competent to make this Verification,

7   based on personal knowledge, and that the factual statements contained in Paragraphs 1-45 of

    the foregoing Complaint are true and correct to the best of my knowledge.
8

9                                          By: _Jonathan Bowler_

10                                             Jonathan Bowler.

11  Jonathan Bowler
    10824 Olson Drive, Ste C-248
12  Rancho Cordova, California 95670

13                          **ACKNOWLEDGMENT**

14  State of California        )
                               )  SS
15  County of Sacramento       )

16

17  On August 20, 2010, before me, Doreen M. Walker, Notary Public, personally appeared:

18  Jonathan George Bowler, who proved to me on the basis of satisfactory evidence to be the

19  person whose name is subscribed to the within instrument and acknowledged to me that he

20  executed the same in his authorized capacity, and that by his signature on the instrument the

21  person, or the entity upon behalf of which the person acted, executed the instrument.

22  I certify under PENALTY OF PERJURY under the laws of the State of California that the

23  foregoing paragraph is true and correct.

24  WITNESS my hand and official seal.

25

26  _Doreen M Walker_

27

28                                   embossed pages 8-10

    COMPLAINT UNDER SECURITIES EXCHANGE ACT OF 1934CHURNING ACCOUNT