IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

G JONATHAN BOWLER, et al.,

        Plaintiffs,              No. CIV 2:10-cv-2244-GEB-JFM (PS)

  vs.

GREEN TREE SERVICING, LLC, et al.,    ORDER AND

        Defendants.           FINDINGS & RECOMMENDATIONS

/

        Pending before the court is defendants' motion to dismiss. Upon review of the motions and the documents in support and opposition, upon hearing the arguments of plaintiffs and counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

FACTUAL ALLEGATIONS

        Plaintiffs contends that defendants Green Tree Servicing, LLC ("Green Tree"), and National City Mortgage ("National City") are securities brokers. (Compl. at 1-2.) The complaint is purportedly brought by "The Trustee" pursuant to the Securities Exchange Act of 1934. (Id. at 2.)

        After presenting a history of securitization in the United States, plaintiffs claim that on or about February 2007, they obtained a mortgage from defendants. (Id. at 5.) Plaintiffs also claim that on or about February 2007, defendants sold shares of stock to plaintiffs in a "Fidelity Investment." (Id. at 6.) Plaintiffs then cite numerous cases for the proposition that defendants owed plaintiffs a duty of care and breached that duty when they:

1

> wrongfully manipulated plaintiff's account with excessive sell and buy orders in a manner disproportionate to its size, character, and the objectives and instructions of plaintiff, bought and sold securities within short periods of time, switched securities from one to another without any investment justification other than to generate brokerage commissions for defendants' profit, executed transactions in violation of plaintiff's specific instructions, continuously maintained plaintiff's account at maximum or near maximum allowable margin, thus endangering plaintiff's investments in any declining market, and used plaintiff's account in margin transactions to obtain maximum commissions on executed orders.

(Id. at 6.)[1]  Next, plaintiffs present background on a fraud on the market theory before arguing that defendants "conspired to transfer and conceal assets for the purpose of rendering [Green Tree and National City] insolvent and unable to pay his [sic] creditors."  (Id. at 8.)

Plaintiffs' first amended complaint sues Keith Anderson, President of Green Tree; Cheryl Collins, CFO of Green Tree; Green Tree Servicing, LLC; Joe Cartellone, CEO and President of National City; Robert B. Crowl, Sr. Vice-President and Controller of National City; and National City Mortgage for claims arising under the Banking Act of 1933; the Gramm-Leach-Billey Act, 15 U.S.C. § 6801; the Securities Exchange Act of 1934 §§ 10(b), 12; the Trust Indenture Act of 1939; civil conspiracy under 18 U.S.C. § 371; and state law claims of rescission and scienter.

Plaintiff seeks "[r]escissionary damages" of $387,000.00, punitive damages, attorney's fees and cost of suit.

## PROCEDURAL HISTORY

This action was filed on August 20, 2010 and is proceeding on an amended complaint filed November 12, 2010.  Defendants Keith Anderson, Cheryl Collins, and Green Tree filed the present motion to dismiss on November 26, 2010.  Defendants Joe Cartellone, Robert B. Crowl, and National City filed a joinder to the motion to dismiss on December 8, 2010.  On December 9, 2010, plaintiffs filed an opposition.  On December 14, 2010, plaintiffs filed an opposition to the notice of joinder.

---

[1] Plaintiffs' complaint appears to be a form complaint.  See Gervais v. American Express Centurion Bank, 2010 WL 4929077 (S.D. Cal. 2010).

On January 3, 2011, plaintiff filed a notice of dismissal of the individual defendants. On January 6, 2011, plaintiff filed a motion for partial judgment on the pleadings and to strike portions of answer.[2] On January 19, 2011, plaintiff filed a motion for an order requiring parties to be present at the pretrial conference.[3]

STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1974 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court is permitted to consider material properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Matters of public record include pleadings and other papers filed with a court. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept as true conclusory allegations,

---

[2] No answer has been filed as of this date.

[3] In light of the procedural posture of this case, no scheduling order has issued.

3

unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## DISCUSSION

A.     Defendants' Motion

Defendants seek dismissal of the amended complaint on the grounds that it does not contain a short and plain statement of the claim, the defendants are not securities traders, and plaintiffs fail to allege sufficient facts to support their claims.  Although plaintiffs filed an opposition, the opposition does not address defendants' grounds for dismissal.  Instead, plaintiffs present case law on their fraud on the market theory, the history and requirements of the Securities Exchange Act of 1934, and information concerning Rule 10b-5 of the Securities and Exchange Act of 1934.

1.     The Banking Act of 1933

The Banking Act of 1933, also known as the Glass-Steagall Act, prohibited national banks from selling shares in a fund which were then used to buy securities in the name of the bank. On November 12, 2009, the Gramm-Leach-Bliley Act, Pub. L. 106-102, 113 Stat. 1338, repealed relevant portions of the Glass-Steagall Act of 1933, and opened up competition among banks, securities companies and insurance companies, allowing commercial and investment banks to consolidate.  In light of the repeal, plaintiffs are barred from bringing a claim under the Banking Act of 1933.  Therefore, this claim should be dismissed with prejudice.

2.     The Gramm-Leach-Bliley Act

The Gramm-Leach-Bliley Act imposes upon financial institutions "an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." See 15 U.S.C. § 6801. Consistent with that purpose, it also provides that the law and the regulations prescribed thereunder are to be enforced by federal and state authorities. 15 U.S.C. § 6805 *et seq.* By its terms, however, the law does not create a private cause of action, nor is one implied. See

Dunmire v. Morgan Stanley DW, Inc., 475 F.3d 956, 960 (8th Cir. 2007); Lima v. American Home Mortg. Servicing, Inc., 2010 WL 144810, *4 (N.D. Cal. 2010); Gervais v. American Express Centurion Bank, 2010 WL 4929077, *1 (S.D. Cal. 2010).  Accordingly, this claim should be dismissed with prejudice.

  3.  <u>The Securities Act of 1933 § 12 and the Securities Exchange Act of 1934, § 10(b)</u>

In the third and fifth counts, plaintiffs claim defendants violated the Securities Exchange Act of 1934 §§ 10(b), 12.  As a preliminary matter, plaintiffs' claim under section 12 arises not from the Securities Exchange Act of 1934, but instead the Securities Act of 1933, codified at 15 U.S.C. § 77l.  Section 12 regulates the initial distribution of securities.  Section 10(b) prohibits fraud in connection with the purchase or sale of securities.

While a private cause of action exists under Section 12(2) in connection with public offerings, see Gustafson v. Alloyd Co., Ins., 513 U.S. 561 (1995), plaintiffs do not identify any public offerings in their complaint.  With regard to Section 10(b) of the Exchange Act, a private right of action is implied.  See Desai v. Deutsche Bank Securities Ltd., 573 F.3d 931, 938 n.9 (9th Cir. 2009).  In such an action, the plaintiff generally must show: (1) a material misrepresentation or omission of fact; (2) scienter; (3) a connection with the purchase or sale of a security; (4) transaction and loss causation; and (5) economic loss. Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 990 (9th Cir. 2009).  The federal requirement for pleading fraud allegations with particularity has long been applied to securities fraud complaints.  See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Semegen v. Weidner, 780 F.2d 727, 729, 734-35 (9th Cir.1985).

Here, plaintiffs' amended complaint provides no details of the alleged fraud committed by defendants, does not identify any public offerings and fails entirely to comply with the pleading requirements for fraud.  The amended complaint further fails to allege any specific present harm or threat of specific future harm to the plaintiffs.  Thus, these claims should be dismissed.

4.      <u>The Trust Indenture Act of 1939, 15 U.S.C.A. § 77aaa et seq.</u>

The Trust Indenture Act supplements the Securities Act of 1933 and requires the appointment of a qualified trustee to act for the benefit of the holders of securities.  <u>See</u> <u>In re Nucorp Energy Securities Litigation</u>, 772 F.2d 1486, 1489 (9th Cir. 1985).  The Trust Indenture Act provides a cause of action for persons who purchase securities issued under an indenture if the purchaser relies on misleading statements or omissions and suffers actual damages.  15 U.S.C. § 77www.  As previously discussed, plaintiffs state only conclusory allegations and fail entirely to state any material facts related to the purchase or sale of securities that would support this claim.  Accordingly, this claim should be dismissed.

5.      <u>Civil Conspiracy, 18 U.S.C. § 371</u>

There is no private right of action under 18 U.S.C. § 371, which is a criminal statute.  <u>Maier v. Phillips</u>, 205 F.3d 1323, 2000 WL 234453 at *2 (2d Cir. Feb.1, 2000); <u>Tel-Oren v. Libyan Arab Republic</u>, 726 F.2d 774, 800 n.5 (D.C. Cir. 1984).  Plaintiffs' civil conspiracy claim should therefore be dismissed.

6.      <u>Rescission</u>

Under the rescission cause of action, plaintiffs state that they entered into a "Deed of Trust" transaction with the defendants on or around February 2007.  (Compl. at 13.)  Plaintiffs do not provide the grounds upon which they seek rescission.  Thus, this claim should be dismissed.

7.      <u>Scienter</u>

Finally, plaintiffs bring a cause of action under "scienter."  Scienter, however, is not a cause of action unto itself.  It is, instead, an element of fraud.  For the reasons stated above, plaintiffs' complaint fails to allege any facts to support a claim for fraud.  Thus, this claim should also be dismissed.

/////

/////

B.      Motion for Partial Judgment on Pleadings and to Strike Portions of Answer

In the motion for partial judgment on the pleadings, plaintiffs seek partial judgment on their claim brought pursuant to the Securities Exchange Act of 1934 § 10(b).  As with the amended complaint, this motion is replete with statutory and legal references, but short on facts that would support a finding that plaintiffs have been defrauded.  Attached to the motion are, inter alia, a deed of trust, an article entitled "Understanding the Securitization of Subprime Mortgage Credit," a November 13, 2008 statement made by Rep. Henry Waxman during a hearing before the Committee on Oversight and Government Reform, and a report entitled "Troubled Asset Relief Program" by the United States Government Accountability Office.  For the reasons discussed above, this claim lacks merit and should be dismissed.  To the extent plaintiffs seek an order striking portions of an answer, plaintiff is advised that defendants have not filed an answer.

C.      Leave to Amend

The undersigned recognizes its obligation to freely give leave to amend when justice so requires, Fed. R. Civ. P. 15(a)(2), and to "ensure that pro se litigants do not unwittingly fall victim to procedural requirements," Waters v. Young, 100 F.3d 1437, 1441 (9th Cir. 1996).  To this end, the court granted plaintiffs leave to amend after defendants moved to dismiss the complaint for failure to state a claim to relief.  The first amended complaint is substantially identical to the allegations of the original complaint.  Plaintiffs have now had two opportunities to present their claims.  Although they are proceeding pro se, plaintiffs "must follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1986).

Having carefully considered the allegations in the first amended complaint, the parties' briefs and relevant legal authority, the undersigned concludes that the complaint does not satisfy the pleading requirements of Rule 8 or Rule 9 of the Federal Rules of Civil Procedure.  The undersigned further concludes that it does not appear plaintiffs can cure the deficiencies in a

second amended complaint.  Therefore, leave to amend the first amended complaint should not be granted.  See McHenry v. Renne, 84 F.3d 1172, 1174, 1179-80 (9th Cir. 1996) (affirming dismissal of amended complaint where it failed to satisfy Rule 8's pleading requirements).

Accordingly, IT IS HEREBY ORDERED that:

1. All hearings in this matter are vacated;

2. Plaintiffs' motion for an order requiring parties to be present at the pretrial conference is denied; and

IT IS HEREBY RECOMMENDED that

1. Plaintiffs' motion for partial judgment on the pleadings and to strike portions of the answer be denied;

2. Defendants' motion to dismiss be granted; and

3. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 27, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;bowl2244.mtd2